

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# Sheraz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3869

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sheraz v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1162.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3869
_____

MOHAMMAD SHERAZ,
*Petitioner*,

v.

ATTORNEY GENERAL OF THE UNITED STATES
*Respondent*.

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-488-762)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2008

Before: FUENTES, ALDISERT and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 22, 2008)
_____

**OPINION**
_____

PER CURIAM

     Mohammad Sheraz petitions for review of a final order by the Board of

Immigration Appeals ("BIA").  For the reasons that follow, we will deny the petition in

part and dismiss it in part.

Sheraz, a citizen of Pakistan, illegally entered the United States in 1999 and entered removal proceedings in 2004. Sheraz conceded removability but sought withholding of removal and protection under the Convention Against Torture ("CAT"). In summary, Sheraz claimed that he, a Sunni Muslim, had married a Shi'a woman against the wishes of their families. As a result, he experienced violence attributable to his in-laws, particularly his father-in-law, a high-ranking Pakistani military official. He claimed that his in-laws caused him to suffer a beating resulting in two broken legs, and that they may have killed his wife. The Immigration Judge ("IJ") denied relief, largely because she did not find Sheraz credible.

Sheraz, through counsel, submitted to the BIA a notice of appeal of the IJ's decision. He declined to submit briefing but included a three-page statement primarily raising for appeal issues concerning the adverse credibility determination. See A.R. 0005-11. The BIA rendered a decision on July 26, 2006, affirming the IJ's decision, denying Sheraz's applications for withholding of removal and protection under the CAT, and ordering removal. This petition for review followed.

## II.

Sheraz disputes the denial of his applications for withholding of removal and protection under the CAT. He claims that: (1) the IJ erroneously failed to examine whether the beating he claims to have suffered qualified as torture; and (2) the IJ applied the incorrect legal standard with regard to the government's acquiescence in Sheraz's claimed mistreatment by his in-laws. However, as the Government correctly notes, these

2

arguments pertain to the IJ's alternative holding concerning the legal merits of Sheraz's claims. The IJ's primary holding – which was the holding that the BIA expressly affirmed – focused on Sheraz's lack of credibility. The only issues properly before us are those that the BIA chose to rely upon. See Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003).

However, we need not reach the issue of whether we may address Sheraz's arguments about the IJ's alternative holding because Sheraz failed to exhaust his administrative remedies by first raising his arguments before the BIA. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Sheraz was entitled to proceed before the BIA without submitting a brief. See Bhiski v. Ashcroft, 373 F.3d 363, 368 (3d Cir. 2004). However, he was required to place the BIA on notice of the issues. Id. Nothing in his notice of appeal remotely suggested the two legal arguments he now presents. A.R. 0010-11. We therefore dismiss these claims for failure to exhaust administrative remedies. Abdulrahman, 330 F.3d at 595.

## III.

Sheraz also argues a denial of due process due to the ineffective assistance of counsel, which he claims led to the IJ's adverse credibility determination, citing Fadiga v. Atty. Gen'l of the United States, 488 F.3d 142 (3d Cir. 2007). Once again, we must determine whether Sheraz was required to first present this issue to the BIA. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).

An alien may suffer a violation of his constitutional right to due process where his

3

counsel was so ineffective that he could not reasonably present his case. Zheng v. Gonzales, 422 F.3d 98, 106 (3d. Cir. 2005). Generally, constitutional claims are beyond the BIA's jurisdiction and not subject to the exhaustion requirement. Bonhometre, 414 F.3d at 448 n.7. However, there is an exception for claims that could have been corrected by the BIA. Khan v. Atty. Gen'l of the United States, 448 F.3d 226, 236 (3d Cir. 2006). Ineffective assistance of counsel claims fall in this exception and must be raised before the BIA.[1] See Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001). Sheraz did not exhaust his administrative remedies, so we dismiss his due process claim for lack of jurisdiction.[2] Zheng, 422 F.3d at 107-08.

## IV.

The sole issue Sheraz raises here that he also previously raised before the BIA, if

---

[1] Sheraz primarily relies upon Yang v. Gonzales, 478 F.3d 133 (2d Cir. 2007). However, in the Second Circuit, as here, ineffective assistance of counsel claims must be raised before the BIA in the first instance. Id. at 142.

[2] We note that Sheraz did not provide sufficient evidence to raise an ineffective assistance of counsel claim. To raise such a claim in a motion to reopen before the BIA, the alien generally must: (1) provide an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and allow him the opportunity to respond; and (3) provide information about whether a complaint has been filed with disciplinary authorities regarding the representation, or if not, why not. Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005) (citing Matter of Lozada, 19 I&N Dec. 637, 639 (BIA 1988)). While the Lozada factors need not be applied formulaically, Zheng, 422 F.3d at 106, Sheraz did not present any such evidence. Although Sheraz appended to his brief a notice concerning disciplinary action against his former counsel due to a conviction for "fraud and misuse of visas/permits," that notice does not purport to relate to Sheraz.

somewhat obliquely,[3] concerns corroborating evidence. Sheraz contends that the IJ required corroborating evidence – particularly of the existence of his marriage – but did not permit Sheraz sufficient time to obtain it or explain its absence, and then relied upon the lack of corroboration in denying relief.[4] The BIA affirmed the IJ's decision at least in part because of a lack of corroborating evidence. See A.R. 0002.

A failure to provide corroborating evidence may undermine an otherwise credible alien's case where: (1) the IJ identifies facts for which it is reasonable to expect corroboration; (2) the applicant fails to corroborate; and (3) the applicant fails to adequately explain the failure to corroborate. Chukwu v. Atty. Gen'l of the United States, 484 F.3d 185, 191-92 (3d Cir. 2007). It is reasonable to expect corroboration where the facts are central to the applicant's claim. Id. at 192.

Sheraz submitted his applications in December 2004. The IJ held a scheduling conference in March 2005, when she set the hearing date and asked Sheraz's counsel if he intended to submit additional evidence. A.R. 0079-80. He declined. Sheraz thus had notice of the hearing and time during which to gather evidence. His hearing took place

_____

[3] Sheraz argued: "The judge erred in not finding respondent's testimony credible. The judge stated that respondent's inability to show the marriage proves that he was not married on the contrary, the marriage took place in a very usually way [sic] and the respondent was unable to return to obtain the marriage certificate." A.R. 0010.

[4] Sheraz attempted to submit to the BIA corroborating evidence in support of his claims, which the BIA rejected for failure to establish that the evidence was new and not previously available. See A.R. 0002. In his opening brief, Sheraz does not argue that the BIA committed any error in failing to consider the new evidence, so this issue is waived. See Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir.2005).

on April 20, 2005, where he was once again represented by counsel.  <u>See</u> A.R. 0129.

Sheraz provided corroborating evidence to support certain aspects of his claim, including a character certificate from a police office in Pakistan showing that he had not been previously arrested.  <u>See</u> A.R. 0109-110, 0173.  Yet Sheraz failed to provide other salient evidence, particularly of his marriage, of his father-in-law's role as a high-ranking Pakistani military official, and of his wife's death.  <u>See</u> A.R. 0120-21, 0126-27, 0128.  The IJ reasonably expected such corroborating evidence – particularly evidence of his marriage, which provided the central basis for his claim that he was subject to persecution and torture because he married outside his religion.  <u>See</u> A.R. 0155.

Although the IJ asked him why he did not produce such evidence, Sheraz essentially provided no explanation.  For example, when the IJ asked why he provided a police character certificate but no copy of his marriage certificate, he simply responded "maybe I could go see if he could make a copy of it."  A.R. 0127.  This does not address why he did not procure the evidence before his hearing.  In addition, to the extent Sheraz expressed fear that obtaining evidence would put him at risk in Pakistan, the IJ found his testimony implausible because Sheraz could not explain why he could obtain official documents from Pakistani police but could not similarly procure a copy of his marriage certificate.  <u>See</u> A.R. 0043-44.  Thus, the IJ properly identified to Sheraz the reasonable evidence for which she expected corroboration, asked him to explain its absence, and Sheraz failed to provide an adequate explanation.  <u>See</u> <u>Chukwu</u>, 484 F.3d at 191-92.

Finally, apart from the issue of corroborating evidence, Sheraz does not dispute the

adverse credibility determination. "An alien's credibility, by itself, may satisfy his burden, or doom his claim." Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc).[5] Here, the unchallenged adverse credibility determination dooms Sheraz's claim.

## V.

For the foregoing reasons, we will dismiss the petition in part and deny it in part

---

[5] Assessment of an applicant's credibility is undertaken separately from the assessment of corroborating evidence. Chen v. Gonzales, 434 F.3d 212, 221 (3d Cir. 2005). A credibility determination entails review of factors such as internal consistency, inherent improbability, tone, and demeanor. See id. at 220. The IJ recognized that Sheraz's lack of corroborating evidence "is not ground for the Court to make an adverse [finding] of credibility," A.R. 0045, and the BIA noted that both the lack of credibility and the absence of corroborating evidence supported the holding that he failed to meet his burden of proof. A.R. 0002. Nevertheless, even if the IJ or BIA had improperly blurred the line between the credibility and corroboration analyses, where the credibility determination is supported by substantial evidence in the record, this Court may deny the petition for review without remand to the BIA. See Chen, 434 F.3d at 221. Here, the BIA observed that the adverse credibility determination is supported by substantial evidence, including, for example, Sheraz's inconsistent statements to immigration authorities concerning whether he was ever married. See A.R. 0002.

7